THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK *v.* A. S. MANSFIELD, use, etc.

1. PROCESS—RETURN OF SERVICE OF SUMMONS ON FOREIGN INSURANCE COMPANY. — A return by a sheriff on a summons commanding him to summon "The Continental Insurance Company of the city of New York," in these words, "Received and executed on D. N. Barrows and George A. Smythe, agents, personally, and copy delivered October 30, 1867," is not a good return of service, and did not authorize judgment by default against defendant, it not appearing in the declaration that defendant is a foreign insurance company and a corporation, nor that D. N. Barrows, the agent of defendant named in the policy of insurance, is the duly authorized agent of the company, as required by sec. 11, p. 303, Rev. Code of 1857, and the record showing no proof of the jurisdictional facts, either by return of the sheriff, or the certificate of the auditor under art. 62, p. 305, Rev. Code of 1857, which facts or their equivalent are necessary to a valid judgment by default in such case.

2. SAME — WHAT DECLARATION SHOULD SHOW AS TO THE CHARACTER OF DEFENDANT AND ITS AGENT. — In a suit against a foreign insurance company,

in order to obtain jurisdiction to render judgment by default, upon service of summons on an agent, according to art. 57, p. 303, Rev. Code of 1857, the declaration should distinctly aver that the defendant is a foreign insurance company and a corporation, and that a certain person is its agent duly appointed, according to the above-mentioned statute, and authorized to be served, with process, for the company.

3. SAME — WHAT THE SUMMONS SHOULD CONTAIN.—The summons should conform in such case to the declaration, in describing the defendant and agent to be served.

4. SAME — REQUISITES TO A VALID JUDGMENT BY DEFAULT.— A full return by the sheriff and the auditor's certificate in the record of a judgment by default, would seem to be the dictate of prudence, if not absolutely necessary in this class of cases.

ERROR to circuit court of Hinds county, 1st district. WATTS, J.

The facts of the case distinctly appear in the arguments of counsel and the opinion of the court.

*R. Barnett*, for plaintiffs in error.

1st. One of the first principles of natural justice forbids that a judgment should be rendered against any one, or his estate, until after due notice, by service of process, to appear and defend. This principle is only to be departed from in cases expressly warranted by law and excepted out of the general rule. D'Arcy v. Ketcham et al., 11 How. (U. S.) 165-174 ; 2 Kent's Com. 108-109. Judgment without service of process or appearance entered is void. 5 How. 688 ; 1 Smedes & Marsh, 521 ; 2 ib. 286; Foster et al. v. Simmons et al., 40 Miss. 585. The statute requires all original process to be served personally on the defendant, if to be found, and a true copy delivered him ; and it is only in case the defendant cannot be found to be personally served, that service can be made by leaving a copy at his usual place of abode. Rev. Code, 489, art. 64. When, therefore, the return shows that the process has been served by leaving such copy, the question of its sufficiency depends upon the further fact that the defendant could not have been found, and this fact can only be shown by the face of the return itself. It is impossible to adjudge

that the defendant has had any legal notice of the pendency
of the suit, in the absence of proper proof of the facts to au-
thorize the notice be given in the particular manner adopted.
40 Miss. 586, 587, seems to be decisive in the case now
under consideration.    The fact that the defendant's name in
the writ could not be found can only be shown by the face
of the return itself, and there is an entire omission on the
part of the officer to state the fact in his return, or any reason
why, instead of summoning the parties named in the writ,
he summoned two strangers denominated by him "Ag'ts,"
probably an abbreviation for agents, and entirely failing to
note whether or not the defendants were or not to be found
in his county, as he was required to do. · *Non constat*, but
that the president or some other officer of the Continental
Insurance Company might have been within the county
of Hinds when the writ came to the hands of the sheriff
to be executed.    There was certainly no effort made by
the sheriff so far as his return shows, to find them, or that
he troubled himself even to make any inquiry for them ;
like Gallio of old, "he cared for none of these things,"
but proceeded, upon what authority or for what reason
he does not inform us, to execute the process upon two
parties, strangers, not mentioned in the summons at all.
Had the sheriff returned on the writ that the defendants
"could not be found in his county," it would have put the
court upon inquiry as to whether the service upon the
parties summoned would suffice to justify a judgment
against the defendants named in the process.   As nothing of
this appears by the sheriff's return, it is insisted that the
court had no authority, under the return as made, to render
judgment by default against the defendants.

    Great strictness has ever been required in this state, in
regard to service of original process when not·personal.
The following are some of the authorities to which the court
is referred, viz. : 3 How. 35 ; 5 ib. 661 ; 1 Smedes & Marsh.
515, 595 ; and more recently, since the adoption of Code of

1857, Merritt v. White, 37 Miss. 438; 38 ib. 97, 544; 40 ib. 500, 586; 41 ib. 38, 553, 554, 561–563, 651–654.

Where the service is other than personal, every thing necessary to make such service equivalent to personal service must be shown strictly before judgment can be taken. Rev. Code, p. 503, art. 150. Great mischief might ensue and incalculable injury done parties, were the rule otherwise. All the cases cited show the particularity required by the courts in cases other than where the summons is personal.

But, it will be answered, that defendants below, in case at bar, are a foreign corporation, and that the cases cited have no application. The statute in relation to "agencies of foreign insurance companies," Rev. Code, pp. 303–305, will be referred to, no doubt; but the record wholly fails to show any proof that the parties, upon whom process was served in the case at bar, were in any manner connected with defendants below, the Continental Insurance Company of the City of New York. In the language of this court, in Foster et al. v. Simmons et al., 40 Miss. 585, "If *constructive* notice is substituted for *actual*, the record must show the existence of circumstances that justify it." Southern Express Co. v. Craft, 43 Miss. 508; Rankin et al. v. Dulaney, ib. 197. The word "agents," used by the sheriff in his return upon the summons, is the only intimation we have in the whole record that Barrows or Barrows & Smythe were the agents of the company sued, to receive service of process, or upon whom process might probably be served. Upon what authority the sheriff summoned these persons, he does not state, nor do we find it in any other part of the record. If Barrows & Smythe, or either of them, were really the agents of the defendants below, authorized by them to receive service of process pursuant to sec. 11, art. 57 of Rev. Code, pp. 303, 304, it would have been easy, indeed, for plaintiff below to have shown the fact under the provisions of art. 62 of sec. 11, Rev. Code, p. 305, just referred to. The omission of proof so important, and so easy to procure if it existed, argues strongly that such evidence did not exist.

The general presumption in favor of the regularity of the proceedings of courts of general jurisdiction, cannot be applied to the *process* whereby the parties are brought into court. See 40 Miss. 589.

*H. F. Simrall,* on same side.

In the absence of notice of suit, given as prescribed by law, all the proceedings, including the judgment, are null and void, unless the defendant has voluntarily entered his appearance by plea, or some other mode of placing. the fact on the record. Prentiss v. Mellen, 1 Smedes & Marsh. 522. The Revised Code, p. 489, art. 64, defines how original process issuing out of the circuit court shall be executed : "It shall be served personally on the defendant, if to be found." "If the defendant cannot be found," the second inferior mode is, by leaving a copy at defendant's usual place of abode, with his wife, or other free white person, etc. The third inferior mode is, .if there be no person of the family there willing to receive the same, then the writ may be left at some public place at the dwelling house, etc.. The preceding article (63) declares the "sheriff shall return the process on the return day, with a written statement of his proceedings thereon." The written statement required of the officer is to inform the court whether the service has been had at all, and if had, in what mode. It is very manifest that neither of the inferior modes of service can be resorted to, unless the sheriff reports the fact to be that the defendant cannot be found, and cannot therefore be notified in the primary mode. Merritt v. White, 37 Miss. 438, 439.

In the later case of Foster v. Simmons, 40 Miss. 589, it is quite distinctly re-affirmed, that, unless the return of the sheriff shows that the defendant could not be found, he cannot resort to a constructive service, by leaving a copy, in either of the circumstances mentioned in the statute. The allegation in the declaration is, "Mansfield who sues for the use, etc., complains of the Continental Insurance Company

of the city of New York, defendant." The writ to the sheriff was to summon the "Continental Insurance Company, if to be found," etc. The service was on Barrows & Smythe, agents, by leaving copy, etc. The verdict and judgment were at the return term of the suit. Will this service warrant the judgment by default against the company? Is it service at all?

"No judgment by default shall be entered at the return term, when it shall appear that process has not been served personally on defendant." Art. 150, Code 503. It cannot be doubted that, under the general law, this was not service on the insurance company under the provisions of statute which I have been considering; there was no authority to the sheriff to execute the writ on Barrows & Smythe, agents. If he meant thereby to report to the court that he had served these persons as agents of the insurance company, that is not a "personal" service on the company. The statute means by "personal" service, precisely what the word imports in its ordinary and popular acceptation. Reading the writ and delivering a copy to Barrows & Smythe, is not a reading and delivery to the defendant "personally."

If the company be a corporation there is no allegation in the declaration, that it is a domestic or foreign corporation. It is described as the Continental Insurance Company of New York. It may be a domestic corporation by that name. If so, under the general statutes, "process ought to have been served on its president, cashier, secretary or other head, or as the court may direct." Rev. Code, art. 64, p. 489. It will not be claimed that this service is within this direction of the law.

Is this a good service under the special statute, in reference to "agencies of foreign insurance companies?" Code, pp. 303, 304, 305. Article 57, p. 303, enjoins on the agent of the foreign company to file with the auditor of public accounts a statement of the name and locality of the company, amount of capital stock, etc., together

with a written instrument, under the seal of the company, authorizing such agent to acknowledge the service of process, consenting that service on such agent shall be taken and held as valid as if served on the company by the laws of this state, etc." This instument "must be signed by the president and secretary."

Pharaphrasing the statute, it may be rendered thus : the company proposing to do business in this state, must, in addition to the presented statement, file with the auditor a writing, agreeing that the agent therein named may acknowledge service of process, and that service on him shall be equivalent to service on the company.

The policy of the statute is obvious, to protect the people against foreign companies of weak capital ; and to insure a remedy against the company in the domestic forums, instead of the expense and trouble of suing them in the courts of its domicile.

It is competent for the company to file the "consent" with the auditor, that one or several "agents" may be served with process. There may be several of them in different parts of the state, and service on any one of them may be good, if so expressed in the "written statement," "under seal of the company, signed by president and secretary." It is quite certain that no other agent than one thus constituted and nominated represents the company or can be served with process. This interpretation is made plainly correct by reference to art. 59, p. 304.

Service of process, then, on the agent whom the company has designated to be served, is a legal service on the company, and will warrant judgments, final or interlocutory, at the proper term, according to the circumstances of the case. But before the court can pronounce judgment, it must be satisfied that the company has been notified of suit by service on the agent thus appointed. It must appear on the record, in some form or other, that the "agent" served is the agent the company have agreed, in the "writing filed

with the auditor," may be served, before a judgment by *nil dicit*, or default, can be rendered.

The fundamental defect in those proceedings is, that it nowhere appears that Barrows & Smythe are the agents authorized to be served with process. It is not averred in the declaration that· they were agents, appointed in the mode and for the purposes indicated in art. 57.

The suit is not brought against the company by their agents thus appointed and representing them. The summons conveys no intimation to the sheriff that anybody is to be served with process other than the "Continental Insurance Co." It is not averred that the company is a corporation. It may just as well be an association of individuals doing insurance business, under the firm and style of "Continental Insurance Company," as a corporation. The allegation is, "Mansfield, who sues, etc., for use, etc., complains of the Continental Insurance Company, of the city of New York, defendant," etc.

The declaration does not disclose that the company are conducting their business by any named persons as agents. The summons does not inform the sheriff on whom he is to make service as agents. But, under the command to summon the company, he serves the writ on "Barrows & Smythe," agents. Conceding (for the argument) that the sheriff meant and intended his return, as service on Barrows & Smythe, as agents for the company, does the law refer it to him to pronounce conclusively on this character of agency, so as that, on his mere return, a final judgment at the first term may be rendered? Is the implication to be indulged from the return of the sheriff, that these persons were the constituted agents of the company; or must not the fact be brought to the knowledge of the court in a more conclusive form? Taking all the terms of the statute into estimation, the mode of serving seems to be very distinctly suggested. The action *in personam* may be instituted and served on the "appointed" agent, is taken and held as service on the company. It is matter of common knowledge, that

these companies are represented by a plurality of sub-agents in the state ; these sub-agents are the assistants of the regularly constituted agents, unknown to the company, and who have no direct official relation to them; service on one of them certainly would not be service on the company.

The declaration ought, therefore, to aver that the foreign company is doing business in this state by A. B., agent, and process ought to be served in conformity to such allegation. "Summon the Continental Ins. Co. by A. B., agent," and before a judgment by *nil dicit*, it ought to be proved to the court that the company has been duly summoned. Article 62 seems to contemplate this necessity, for it provides "that copies of all papers under the act, certified by the auditor, shall be received as evidence in all courts, with the same effect as the originals." The appointment of the agent to be served with process for the company, is one of these papers. This is the only evidence furnished by law, as to who represents the company in the courts. Before, therefore, the court can be satisfied that the company has been brought into court by its agent, so as to proceed *ex parte* to judgment, proof ought to be made of such agency by the production of this "copy." Any other construction or administration of the statute might be exceedingly oppressive to the company. Writs might be served on parties who are subordinate agents, not authorized thus to represent the company, and who have no business to go into the courts for the company. Service may be had on parties whose agency has been withdrawn, and who have no interest to appear and defend for the company, and default judgments for large sums, entered up, against companies, without an opportunity to defend.

*Upton M. Young*, on the same side,

Filed an exhaustive argument, in which he discussed the same propositions as are contained in the argument of associate counsel.

*W. T. Withers,* for defendant in error.

[No memorandum of the argument of counsel for defendant in error has come to the hands of the reporter.]

TARBELL, J.:

The complaint in this case is in the name of "A. S. Mansfield, who sues for the use of Henrietta A. Richardson, plaintiff, by attorney," etc., against "The Continental Insurance Company of the city of New York, defendant," etc., "of a plea of trespass on the case on promises, for that whereas, heretofore at Jackson, Miss., etc. Then follows *in extenso* a copy of the policy of insurance sued on. The summons is directed to the sheriff of Hinds county, and requires him to summon "The Continental Insurance Company of the city of New York, if to be found in his county. The sheriff made the following return upon the writ: "Received and executed on D. N. Barrows and George A. Smythe, personally, agents, and copy delivered October 30, 1867." At the return term of process judgment by default was taken for the amount claimed. The case having been brought to this court, the judgment of the circuit court was reversed, but upon application a re-argument was allowed. The question was one of jurisdiction, and consequently important.

There is nothing in the record to show whether "The Continental Insurance Company of the city of New York" is a voluntary association of individuals, or a corporation; if the former, whether resident or non-resident; if a corporation, whether foreign or domestic, except by presump tion, *de hors* the record.

If a voluntary association of resident, or non-resident individuals, service of process is pointed out in art. 8, p. 488 Rev. Code, and was not executed as therein directed. If a domestic corporation with the above title, art. 6, p. 292 Rev. Code, as amended by laws approved February 10, 1860, and December 7, 1863, prescribes the mode in which jurisdiction shall be obtained, or the defendants brought

into court, but the mode pursued does not conform to the requirements thereof.

Assuming the "Continental Insurance Company of New York City" to be a foreign insurance company and a corporation, we have to inquire and determine what is legal service of process in such case under the provisions of the Code, § 11, p. 303. Article 57 of that section declares that "it shall not be lawful for any agent of any insurance company, incorporated by any other state than the state of Mississippi" to transact business as such without the authority of the auditor of public accounts, which authority must be obtained by a statement of the president or secretary of the company, under oath, filed with the auditor, which statement shall set forth the name and locality of the company, its capital stock, the act of incorporation, etc., together "with a written statement, under the seal of the company, signed by the president and secretary, authorizing such agent to acknowledge service of process for and on behalf of such company," etc. Article 62 of the same section enacts that "copies of all papers required by this section to be deposited in the office of the auditor, certified under the hand and seal of such auditor, to be true and correct copies of such papers, shall be received as evidence in all courts and places, in the same manner, and have the same force and effect as the originals would have if produced."

Upon the policy of insurance given in the declaration, "D. N. Barrows" appears as an agent of the company sued, but it is nowhere shown that he is the agent authorized by the company, in pursuance of art. 57 above mentioned, to accept service of process therefor. Service of process was upon "D. N. Barrows and George A. Smythe, personally, agents." To sustain the judgment, we have to presume the D. N. Barrows upon the policy, and in the return of the sheriff, to be one and the same; that the company had filed with the auditor the authority to accept service, as required by law; and that such authority was given to the same D.

N. Barrows named in the policy and in the sheriff's return.
Are we authorized to indulge in these presumptions?
Would it be just and prudent to do so? The foregoing
statute is peculiar and exceptional, if not extraordinary.
Being in derogation of the common law, the rule of strict
interpretation obtains, from which it would be unwise to
depart. It is one of those statutes whose provisions must
be strictly complied with, to authorize courts to proceed
under it. In authorizing a non-resident defendant to be
brought into court by service of process upon a resident
agent, and thus conferring full jurisdiction, this statute
makes such a wide departure from the ordinary mode of
procedure as to demand a somewhat rigid enforcement. By
section 11, Code, p. 303, a foreign insurance company, if a
corporation, is authorized to be brought into court and full
jurisdiction given, by service of process upon an agent
authorized in the mode pointed out by that statute to accept
the service, the simple statement of which suffices to show
the danger of indulging in presumptions upon the facts of
jurisdiction, more especially when those presumptions are
numerous, and the facts to be established material and
vital. In the record and proceedings before us, there would
seem to be several material defects, alike in practice and
matters of substance.

1. It does not appear affirmatively that the defendant is a
foreign insurance company and a corporation, nor that D.
N. Barrows, the agent of defendant named in the policy of
insurance, is the duly authorized agent of the company, as
required by the above statute, both of which ought to have
been distinctly set forth in the declaration.

2. The sheriff was not directed, as it would have been
well to have done in the summons, to serve the same upon
the agent of defendant, naming such agent, and stating the
defendant to be a foreign insurance company and a corpo-
ration.

3. The record contains no proof of the facts of jurisdic-
tion, either by the return of the sheriff or the certificate of

the auditor under art. 62, p. 305, Rev. Code.   A full return by the sheriff, and the auditor's certificate in the record of a judgment by default, would seem to be the dictates of prudence if not actually necessary in this class of cases, in addition to proper averments in the declaration.   These suggestions indicate what, in our opinion, or their equivalent, ought to be embraced in the record of a valid judgment obtained by default against a foreign insurance company, brought into court by service of process on an agent, according to the provisions of the Code in reference thereto. There are several assignments of error, but they are technical and unimportant, at least unnecessary to the determination of this case.   We reverse the judgment of the court below, and remand this case, with leave to plaintiff to apply for liberty to amend.

SIMRALL, J., having been of counsel in the court below, does not sit in this case.